UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>             Plaintiff,<br><br>  v.<br><br>ISCI DIRECTOR TEWALT and ISCI WARDEN AL RAMIREZ,<br><br>             Defendants. | Case No. 1:20-cv-00503-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Maximillian Sileoni's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Having reviewed the Complaint and the record in this matter, the Court enters the following Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

**REVIEW OF COMPLAINT**

1. **Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2. **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), incarcerated at Idaho State Correctional Institution (ISCI). He has been diagnosed with depression, manic bipolar disorder, anxiety, schizophrenia, psychosis, and obsessive compulsive disorder. (Dkt. 3, p. 2.) He alleges that on September 21, 2020, he "had a medical emergency d[ue] to a security breach," and Defendants violated his federal constitutional rights by not providing a call button in his cell to enable him to reach unit staff in an expedited manner. (Dkt. 3, p. 3.)

The Complaint is completely lacking in facts. Instead, Plaintiff expands the basis for his cause of action in a separate "Motion on Factual Basis of Claims." (Dkt. 10.) He alleges that prison employees served him a meal that contained a razor blade, which severely cut his lip. He asserts that he began kicking his door and screaming for help, because he had no call button in his cell. A correctional officer arrived to help fifteen minutes after he began screaming. Ten minutes after the correctional officer arrived, a nurse evaluated his lip and said he would need stitches. Five minutes after that, a doctor came by and said Plaintiff did not really need stitches, but he would be given a mouthwash to prevent infection. (*Id*., pp. 5-6.) Plaintiff's lip bled through the next evening of September 22 and then stopped. Plaintiff alleges that because he is in prison for a sex crime, "someone put that razor blade in mix with his food in retaliation to get at him." (Dkt. 10, p. 5.) Prison officials investigated whether someone was targeting Plaintiff or whether, in light of his mental health diagnoses, he was intentionally trying to harm himself with the razor blade.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

### 3. Discussion

There is no constitutional right to have an emergency call button in one's prison cell. However, there is a right to have a reasonably timely response to a medical emergency, which must include a way for prisoners to quickly and effectively notify prison staff of an emergency and a way for prison staff to receive the notification and respond without undue delay. In many instances, prisons have installed emergency call buttons to expedite responses. *Cf. Slocum v. Flower*, 2018 WL 4643086 (D. Nev. Sept. 27, 2018) (observing that when an inmate pushes an emergency call button, that signals "a clear indication that an emergency [is] at hand," and a failure to respond could amount to deliberate indifference); *Peck v. Nevada*, 2018 WL 3312977, at *11 (D. Nev. July 5, 2018), *reconsideration dismissed*, 2018 WL 3845153 (D. Nev. Aug. 13, 2018) (noting that "the lack of functioning emergency call buttons allows people to die without timely medical assistance.")

Plaintiff did not have a life-threatening emergency when he had to call for help for his cut lip, and help did not arrive for fifteen minutes. However, if Plaintiff were to have a heart attack or another life-threatening emergency, if help did not arrive until fifteen minutes after his first scream for help, he might perish. The Court finds it would be helpful to have Defendants clarify the emergency request and response policies and practices for Plaintiff's unit, and to clarify exactly what happened on September 21, 2020, when Plaintiff's lip was cut. Therefore, it will request a Martinez report from Defendants.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), rather than dismissing the complaint or sending it out for service and an answer, the district court ordered prison officials to conduct an investigation of the incident to include an interrogation of those concerned. The transcripts of the interrogations and an explanation by the officials were to be provided to the court to enable it to decide the jurisdictional issues and make a screening determination under 28 U.S.C. § 1915(a). *Id*. at 319. The United States Court of Appeals for the Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008), concluding that, "[a]s a permissible option within its broad discretion, a district court in an appropriate case can issue a Martinez-style order that is reasonably tailored to the pretrial needs of the district court to assess the case."

### 4. Other Facts Set Forth in Plaintiff's Motion on Factual Basis of Claims

Unrelated to his claim that prison officials should be required to equip his cell with a call button or transfer him to a cell that does have a call button, Plaintiff also includes in his supplemental facts a narrative of other potential claims. Plaintiff asserts that unknown persons purposely put a razor blade in his food "to get at him." He asserts that he was not given his regular medications for several days after the razor blade incident.

Plaintiff asserts that prison employees searched his nude body for contraband in an embarrassing and humiliating manner twice in October 2020. He asserts that he was required to change cells and was not given any hygiene products and that his personal property was withheld from him.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Prison employees sometimes use ankle restraints on Plaintiff, and he alleges that they will not give him medication for the cuts on his ankles caused by the restraints unless his ankles are infected, which they are not. Plaintiff asserts that he has been given hydrocortisone cream for three years because he generally has itchy skin, but the nurse would not provide him any because she did not see any rash on his arms or legs.

On October 14, 2020, a nurse examined Plaintiff for complaints of chest pain and found his heart rate was elevated. The nurse would not allow him to ride the medical transport the half-mile to the medical unit, and so officers transported him there in a wheelchair after fifteen minutes of arguing with him about whether he could walk there himself. Plaintiff was given an EKG, the results of which were normal. The nurse told him he probably just had an anxiety attack. (*Id.*, pp. 10-14.)

Claims against multiple defendants within a single pleading must comply with Federal Rule of Civil Procedure 20(a)(2). That rule requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." Claims that do not meet these criteria must be separated into different lawsuits.[1] Only similar claims, grouped by similar defendants, may be included in a single separate complaint. If Plaintiff desires to pursue these other claims, he must separate them into different complaints that comply with Rule 20.

---

[1] *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (in PLRA context: "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

It is improper to file a complaint without an adequate factual basis, as he has done here, and then supplement it with series of motions. The Court will require **Plaintiff to follow this format for each amended or new complaint**: He shall organize the entire complaint by defendant. For the first defendant, Plaintiff shall state (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

This format must be followed for the first defendant and the first claim for relief against that defendant, and then Plaintiff must follow the same format for each additional claim for relief against that defendant. Plaintiff is not permitted to assert more than one constitutional provision as a basis for a claim for relief but must assert each separately as its own claim for relief. Each constitutional claim for relief is different, with different elements to meet. Therefore, each such claim must be separated into a separate claim for relief. Plaintiff must follow the same format for each claim for relief he intends to assert against each additional defendant.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

In his analysis to determine whether to include a claim or a defendant in his complaint, Plaintiff should contemplate whether he has sufficient facts to state a claim. If he has insufficient facts, he should not include that claim in a complaint. If Plaintiff decides to file additional complaints, he will be charged the $350.00 filing fee for each one, withdrawn from his prison trust account in increments over time. The filing fee is charged regardless of whether Plaintiff is authorized to proceed on a new complaint or it is summarily dismissed upon screening.[2]

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve, via the ECF system, a copy of this Order and Plaintiff's Complaint and supplemental pleadings entitled "Motions" (Dkts. 6, 7, 8, 10, 11, & 12), with exhibits, on the following counsel on behalf of Defendants: **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

2. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

---

[2] The in forma pauperis statute "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (rejecting a request for a refund of appellate fees after voluntary withdrawal of appeal). The Second Circuit observed that the absence of a refund of fees provision "is not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* (citing *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996)).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

3. Counsel for Defendants are requested to make a limited appearance for the purpose of providing a Martinez report and any other relevant records. The Martinez report should be filed within **90 days** after entry of this Order.

4. The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to the allegations of the Second Amended Complaint and this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

5. Plaintiff shall file nothing further except for a response of no more than ten pages to Defendants' Martinez report within **14 days** after receiving the report.

6. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is DENIED as moot, as this set of claims was severed from another case in which Plaintiff was granted in forma pauperis status. *See* Dkt. 56 in Case No. 1:19-cv-00427-BLW.

7. Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is DENIED without prejudice. The Court will further assess the need for counsel after it reviews the Martinez report and response.

8. Plaintiff's Motion for Service of Summons (Dkt. 5) and Motion for Subpoena (Dkt. 9) are DENIED as premature.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

9. Plaintiff's Motions that can be categorized as supplemental pleadings (Dkts. 6, 7, 8, 10, 11, & 12) are GRANTED only to the extent that they are considered supplemental allegations in support of the Complaint.

DATED: December 3, 2020

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**